UNITED STATES of America, Plaintiff,

v.

Olen COLLINS, Defendant-Movant.

No. 77–CR–53.

United States District Court,
E. D. Oklahoma.

July 17, 1981.

John Osgood, Asst. U. S. Atty., Muskogee, Okl., for plaintiff.

Phillip Redwine, Norman, Okl., and Daniel Blaney, Morocco, Ind., for defendant.

ORDER

DAUGHERTY, Chief Judge.

Presently before the Court in this matter is an Application for Bail Pending Appeal filed by Defendant-Movant Olen Collins (hereinafter "Movant"). Review of the record in cases 77–CR–53–2 and 80–111–C reveals the following:

On August 26, 1977, Movant was convicted by a jury in 77–CR–53–2 of one count of violating 18 U.S.C. § 844(i) and § 2 and one count of violating 18 U.S.C. § 371. Thereafter, Movant was sentenced by the Court to concurrent terms of imprisonment of fourteen years and five years respectively on each count. Movant then appealed his conviction and sentence to the United States Court of Appeals for the Tenth Circuit. On appeal, Movant's conviction was affirmed but the case was remanded for resentencing in accordance with the Tenth Circuit's opinion, 598 F.2d 575. On May 31, 1979, Movant was resentenced by this Court to ten years on Count One and four years on Count Two with said four-year term to run consecutive to the ten-year sentence imposed on Count One. Movant subsequently appealed this decision to the Tenth Circuit on June 14, 1979, and on January 25, 1980, Movant's motion to dismiss this appeal was granted and said appeal was dismissed.

On March 20, 1980, Movant commenced case 80–111–C, which is a proceeding under 28 U.S.C. § 2255, by filing a motion to vacate the sentence imposed upon him in 77–CR–53–2. On November 10, 1980, the Court overruled Movant's motion to vacate sentence and Movant appealed. Movant's appeal of this decision is presently pending before the Tenth Circuit.

As noted above, Movant has filed herein an Application for Bail Pending Appeal. The caption of said Application lists only the criminal case number, 77–CR–53–2. However, as no appeal is pending in criminal case number 77–CR–53–2, the Court will treat the instant Application as applying to Movant's appeal pending in his § 2255 proceeding, namely civil case number 80–111–C.

 In his Application, Movant asks that he be released on bail pending resolution of his appeal in this matter. The Court notes that there is no statutory provision relating to bail for a federal prisoner proceeding under 28 U.S.C. § 2255 such as 18 U.S.C. § 3148 relating to bail after conviction of one awaiting sentence or prosecuting a direct appeal. However, it is within the power and discretion of the Court to fix bond for State prisoners who are proceeding under 28 U.S.C. § 2254. *Johnston v. Marsh*, 227 F.2d 528 (Third Cir. 1955); *see also Calley v. Callaway*, 496 F.2d 701, 702 (Fifth Cir. 1974) (per curiam) ("Bail should be granted to a military prisoner pending postconviction habeas corpus review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."). The power and discretion of the Court as to State prisoners has been characterized as "inherent." *Johnston v. Marsh, supra,* 227 F.2d at 531; *see Argro v. United States*, 505 F.2d 1374, 1377 (Second Cir. 1974). If this is correct, the Court sees no reason why the case should not be the same with respect to federal prisoners proceeding under § 2255. However, this power is one to be exercised in the Court's discretion in view of all the circumstances of the case. *Johnston v. Marsh, supra.*

In the instant case, Movant has been convicted of two serious charges and his convictions were affirmed on appeal. The convictions were supported by strong and convincing evidence of guilt as charged. Also, the Court found Movant's § 2255 Mo-

tion currently on appeal to be without merit, and the Court is not now persuaded that this decision was erroneous. Therefore, the Court determines in its discretion and under the circumstances of this case that Movant's request for bail should be denied. Accordingly, the Court finds and concludes that Movant's Application for Bail Pending Appeal should be overruled.