**UNITED STATES of America**

**v.**

**John DiSALVO.**

**Crim. No. 83–41–1.**

United States District Court,
E.D. Pennsylvania.

May 29, 1985.

Robert E. Welsh, Jr., Asst. U.S. Atty., Philadelphia, Pa., for Government.

Stephen Robert LaCheen, Philadelphia, Pa., for defendant.

### MEMORANDUM

LOUIS H. POLLAK, District Judge.

Petitioner John DiSalvo has moved to stay the execution of his sentence pending his appeal of this court's denial of his motion for a new trial. Petitioner argues that (1) the new trial motion raises a substantial legal issue, and (2) in the event that the Court of Appeals were to reverse this court on that issue, a new trial would be required. Accordingly, petitioner argues, execution of sentence should be stayed under

*United States v. Miller,* 753 F.2d 19 (3d Cir.1985). *See* 18 U.S.C. § 3143(b); *United States v. Colletta,* 602 F.Supp. 1322, 1325 (E.D.Pa.1985) (discussing *Miller*). For the reasons that follow, I disagree.

The relevant facts can be briefly summarized. In July 1983, Mr. DiSalvo was convicted of one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and three counts of unlawful use of a communication facility in violation of 21 U.S.C. § 843(b). On September 30, 1983, Mr. DiSalvo was sentenced to a total of eleven years of incarceration plus four years of special parole. Mr. DiSalvo's conviction was affirmed by the Court of Appeals for the Third Circuit on November 29, 1984. Mr. DiSalvo subsequently petitioned for a new trial, arguing that his conviction was based in part on the out-of-court statements of persons who were not called to testify at his trial, and that his conviction therefore violated the Confrontation Clause as construed by the Third Circuit in *United States v. Inadi,* 748 F.2d 812 (3d Cir.1984). Because I found that the out-of-court statements in question were used for a non-hearsay purpose, I concluded that the Confrontation Clause did not require a showing that the declarants were unavailable to testify at trial. *United States v. DiSalvo,* Criminal No. 83–41–1, Memorandum and Order (March 18, 1985), *appeal docketed* (March 22, 1985). *See also United States v. Maleno,* 604 F.Supp. 971 (1985), *appeal docketed* (March 12, 1985) (discussing identical issue raised by one of Mr. DiSalvo's co-defendants).

■ The government concedes that this court has the authority to direct that a petitioner be released from custody during the pendency of habeas corpus proceedings. *Johnston v. Marsh,* 227 F.2d 528 (3d Cir.1955); *United States v. Collins,* 528 F.Supp. 83 (E.D.Okla.1981). The standard by which the petitioner's request for such release is to be evaluated is, however, somewhat less than clear. In *Johnston, supra,* in the context of a state habeas petition, the Third Circuit stated that the decision to grant release from detention pending the final resolution of a habeas petition was committed to the court's dis-

cretion, which was to be exercised as justice required. *Id.* at 531. *See also id.* at 532 (Hastie, J., concurring) (decision to grant release is an "exercise of judicial discretion, all relevant circumstances [to be] considered"); *United States ex rel. Thomas v. New Jersey,* 472 F.2d 735, 741–44 (3d Cir.), *cert. denied,* 414 U.S. 878, 94 S.Ct. 121, 38 L.Ed.2d 123 (1973); *United States v. Collins, supra,* 528 F.Supp. at 84.

■ Some additional guidance is afforded by the recent enactment of the Bail Reform Act of 1984, which fixes the standard by which requests for release from detention pending direct appeals are to be evaluated. The relevant portion of the Act states:

(b) RELEASE OR DETENTION PENDING APPEAL BY THE DEFENDANT. —The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

The Act does not, by its terms, govern the grant or denial of bail pending the appeal of a denial of relief under 28 U.S.C. § 2255. Nevertheless, it would be irrational to suppose that courts may more freely order the release of prisoners whose convictions have been affirmed on direct appeal than those whose direct appeals are currently pending. Accordingly, both petitioner and the government appear to presume that the Bail Reform Act of 1984 establishes, at the very least, a minimum standard which petitioner must satisfy in order to be eligible for release pending the appeal of this

court's decision on petitioner's motion for a new trial.[1] I agree with this assessment, and proceed to consider whether, under the Bail Reform Act, petitioner would be entitled to release upon bail pending a direct appeal.

■ The Bail Reform Act requires, as a prerequisite to release on bail pending appeal, that the court find "by clear and convincing evidence" (1) that the defendant is "not likely to flee" and (2) that the defendant will not "pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(b)(1). This burden is a heavy one where, as here, the defendant has been duly convicted of serious offenses whose maximum penalty exceeds ten years.[2] Congress has created a rebuttable presumption in favor of pretrial detention where the defendant is charged with an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., which carries a maximum penalty of at least ten years' imprisonment. 18 U.S.C. § 3142(e)(1). Where the defendant has been not merely charged, but *convicted* of such offenses, both the risk of flight and the danger to the community are heightened, while the countervailing concern over incarcerating a defendant before he has been judged by a jury of his peers disappears. Consequently, the strength of the presumption in favor of immediate incarceration is much greater in the post-conviction context.

Against this presumption, petitioner has neither proffered any evidence nor offered any argument which might show why this is the exceptional case in which post-conviction release is justified. Instead, petitioner appears to rely on the argument that the issue presented in his new trial motion is a substantial one, as to which reversal would likely require a new trial. *See Colletta, supra,* 602 F.Supp. at 1325, 1328–29. Even if this contention is correct, however, release is not sanctioned by the Act unless the court finds by clear and convincing evidence that release will involve neither risk of flight nor danger to the community. 18 U.S.C. § 3143(b)(1, 2). Because there is no basis for such a finding in this case, I do not reach the question of the substantial nature of petitioner's argument on appeal.

Having concluded that the Bail Reform Act would not permit petitioner's release during the pendency of his direct appeal, I find that release pending the appeal of my denial of his post-conviction motion for a new trial is inappropriate. Accordingly, the motion to stay execution of sentence will be denied.

---

1. Petitioner does not actually cite to the Bail Reform Act. Nevertheless, petitioner looks to *United States v. Miller, supra,* for the standard according to which his motion for a stay is to be decided. The *Miller* decision was one of the first decisions construing the standard set forth in 18 U.S.C. § 3143(b) for the grant of bail pending appeal.

2. The maximum period of incarceration which could have been imposed on Mr. DiSalvo was sixteen years. 21 U.S.C. §§ 843(b), 846.