UNITED STATES of America

v.

John DiSALVO.

Crim. No. 83–41–1.

United States District Court, E.D. Pennsylvania.

July 9, 1985.

Robert E. Welsh, Jr., Asst. U.S. Atty., for the U.S.

Stephen Robert LaCheen, Robert F. Simone and Pamela W. Higgins, Philadelphia, Pa., for John DiSalvo.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Petitioner DiSalvo was convicted in July of 1983 of one count of conspiracy to distribute methamphetamine in violation of 21

U.S.C. § 846 and three counts of unlawful use of a communication facility in violation of 21 U.S.C. § 843(b). On September 30, 1983, Mr. DiSalvo was sentenced to an aggregate prison term of eleven years plus four years of special parole. On November 29, 1984, Mr. DiSalvo's conviction was affirmed by the Third Circuit Court of Appeals. Thereupon, Mr. DiSalvo petitioned for habeas corpus, pursuant to 28 U.S.C. § 2255, contending that he was entitled to a new trial for the reason that the admission at trial of out-of-court statements of persons not called to testify but not shown to be unavailable contravened the Confrontation Clause requirement articulated by the Third Circuit in *United States v. Inadi,* 748 F.2d 812 (3d Cir.1984), *cert. granted,* 471 U.S. 1124, 105 S.Ct. 2653, 86 L.Ed.2d 271 (1985). I denied the § 2255 petition on March 14, 1985, on the ground that the challenged out-of-court statements, having been admitted into evidence not for the truth of what was asserted, fell outside the ambit of *Inadi. United States v. DiSalvo,* Criminal No. 83–41–1, Memorandum and Order (March 14, 1985).

Petitioner filed an appeal from the denial of his § 2255 petition, and moved in this court for a stay of execution of his sentence until the appeal was acted on. On May 28, 1985, I denied the motion for a stay. I concluded that, in order to demonstrate entitlement to bail pending appeal, one seeking to overturn a denial of habeas corpus must at least sustain the burden which the Bail Reform Act of 1984 imposes on one who wishes to remain at large while pursuing a direct appeal. *United States v. DiSalvo,* 609 F.Supp. 907 (1985). 18 U.S.C. § 3143(b), the relevant portion of the Bail Reform Act, provides as follows:

> The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if re-

> leased pursuant to section 3142(b) or (c); and
>
> (2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

My denial of Mr. DiSalvo's motion for a stay was predicated on the fact that "petitioner has neither proferred any evidence nor offered any argument which might show why this is the exceptional case in which post-conviction release is justified. Instead, petitioner appears to rely on the argument that the issue presented in his [§ 2255 petition] is a substantial one, as to which reversal would likely require a new trial. *See [United States v. Colletta], supra,* 602 F.Supp. [1322] at 1325, 1328–29 [1985]. Even if this contention is correct, however, release is not sanctioned by the Act unless the court finds by clear and convincing evidence that release will involve neither risk of flight nor danger to the community. 18 U.S.C. § 3143(b)(1, 2). Because there is no basis for such a finding in this case, I do not reach the question of the substantial nature of petitioner's argument on appeal." *United States v. DiSalvo,* 609 F.Supp. at 909 (1985).

Petitioner has moved for reconsideration. In support of his motion, petitioner "believes and therefore avers that if granted an evidentiary hearing, he could present to this Court clear and convincing evidence that his release would pose neither risk of flight nor danger to the community."

The government, in responding to the motion for reconsideration, notes that petitioner has "the burden of proving that he is not a risk of flight [*sic*] or a danger to the community," but does not take issue with petitioner's expressed expectation that at an evidentiary hearing he could present evidence tending to sustain that substantial burden. The government's opposition focuses, instead, on the other factor in the post-conviction release equation—the dem-

onstration required by the Third Circuit that the appeal raise "a substantial question of law or fact; and ... that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal." *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985). As to the failure of petitioner to meet the standard articulated in *Miller*, the government submits that "there is not a substantial issue of law or fact.... On this basis alone, the government suggests ... that the Court should deny the motion...."

"[T]his basis alone" is not, in my judgment, sufficient ground for denial of Mr. DiSalvo's motion for reconsideration. While I believe my denial of Mr. DiSalvo's § 2255 petition was correct, and is likely to be sustained, I am not prepared to say that there is no significant chance that the Court of Appeals will take a different view. My decision on Mr. DiSalvo's petition had two components. First, I found that out-of-court statements offered for nonhearsay purposes present no Confrontation Clause problems and hence lie outside the scope of *Inadi*. *United States v. DiSalvo*, Criminal No. 83-41-1, Memorandum at 3 (March 14, 1985); *United States v. Maleno*, 604 F.Supp. 971, 973-76 (1985). This finding is not one "which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Miller, supra,* 753 F.2d at 23. *See Tennessee v. Street*, 471 U.S. 409, 105 S.Ct. 2078, 2080-81, 85 L.Ed.2d 425 (1985) (holding that the introduction of an out-of-court statement for a nonhearsay purpose "raises no Confrontation Clause problems"). Second, I found that the out-of-court statements used against Mr. DiSalvo were in fact utilized by me solely for a nonhearsay purpose. *United States v. DiSalvo, supra,* Memorandum at 3-4 (March 14, 1985); *see United States v. Maleno, supra,* 604 F.Supp. at 976-77. This finding, although I believe it to be correct, is sufficiently open to reasonable challenge so as to be properly characterized as "fairly doubtful" within the meaning of *Miller, supra,* and *Colletta, supra.* The Court of Appeals could conclude, contrary to my

analysis, that some of the statements in question were utilized by me as fact-finder as probative of the truth of what was stated. Such a conclusion would presumably require reversal and a new trial for petitioner.

I do not regard it as probable that the Court of Appeals will reach the result for which petitioner contends. But, as I stated in *Colletta, supra:*

> *Miller* expressly eschews any calculation that focuses on whether there is at least a fifty-one percent chance of reversal or a new trial. *Miller, supra,* at 23 ("the phrase '*likely* to result to result in reversal or an order for a new trial' cannot reasonably be construed to require the district court to predict the probability of reversal"). Instead, the court construed the word "likely" in subsection (b)(2) as "going to the significance of the substantial issue to the ultimate disposition of the appeal." *Id.* A question is "likely to result in reversal or an order for a new trial," then, when there is a *significant chance* that a contrary appellate ruling would lead the appellate court to overturn the judgment below. I find that this standard is met here.

602 F.Supp. at 1329 (emphasis in original). I conclude that petitioner should be permitted to attempt to make the proffered evidentiary showing that no substantial danger to the community or risk of flight would be presented by his continuing to remain at large. Given the heavy burden of proof which rests with the petitioner, it may be that he is unlikely to prevail. But he is entitled to try.

For these reasons, the accompanying Order directs that an evidentiary hearing be held on petitioner's motion for reconsideration of my denial of his motion for a stay of execution of sentence.

## ORDER

For the reasons stated in the accompanying Memorandum, it is hereby ORDERED that a hearing on defendant's motion for

reconsideration shall be held on Friday, July 19, 1985 at 1:30 P.M.