**UNITED STATES of America**

v.

**CAPUTO, Fiore, a/k/a "Curly".**

**Appeal of Fiore CAPUTO.**

**No. 82–1791.**

United States Court of Appeals, Third Circuit.

May 22, 1986.

---

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr. and Glenn B. Bronson, Asst. U.S. Attys., Philadelphia, Pa., for appellee.

Betty A. Lawler, Bala Cynwyd, Pa., for appellant.

Before ALDISERT, Chief Judge, and HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT
PER CURIAM:

Appellant Fiore Caputo was convicted of conspiracy to distribute methamphetamine. On appeal, this Court reversed, holding that the district court erroneously admitted the out-of-court statements of nontestifying coconspirators, who had not been shown to be unavailable for cross-examination in court, as substantive evidence against the accused. *United States v. Caputo,* 758 F.2d 944 (3d Cir.1985). On May 6, 1985, the government petitioned for rehearing by this panel. Third Circuit Internal Operating Procedures chap. 9(B).

■ Because our original opinion in this case was based on our interpretation of the Confrontation Clause, U.S. Const. amend. VI, and *Ohio v. Roberts,* 448 U.S. 56, 100

S.Ct. 2531, 65 L.Ed.2d 597 (1980), as announced in *United States v. Inadi,* 748 F.2d 812 (3d Cir.1984), we stayed consideration of this petition for panel rehearing pending Supreme Court review of *Inadi.* On March 10, 1986, the Supreme Court reversed *Inadi,* holding that no showing of unavailability is required as a foundation for admitting the out-of-court statements of nontestifying coconspirators against the accused. *United States v. Inadi,* — U.S. ——, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986). As a result, we will grant the petition for panel rehearing.

■ Only one contention raised by appellant was not addressed in our original opinion, *i.e.,* that the coconspirator statements were inadmissible because they lacked adequate "indicia of reliability." *See United States v. Ammar,* 714 F.2d 238 (3d Cir.), *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). We have reviewed the record in light of *Ammar,* and find no merit in appellant's contention. Accordingly, we will vacate our previous judgment of March 29, 1985, and affirm the judgment of conviction. The mandate shall issue forthwith.