UNITED STATES of America

v.

John DiSALVO.

Crim. No. 83–00041–01.

United States District Court, E.D. Pennsylvania.

Jan. 12, 1987.

Michael R. Lazerwitz, Asst. U.S. Atty., for the U.S.

Stephen Robert LaCheen, Robert F. Simone and Pamela W. Higgins, Philadelphia, Pa., for John DiSalvo.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

Defendant John DiSalvo was convicted in July of 1983 of one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and three counts of unlawful use of a communication facility in violation of 21 U.S.C. § 843(b). His conviction was affirmed by the Third Circuit Court of Appeals. In a Memorandum and Order dated March 14, 1985, I denied his motion under 28 U.S.C. § 2255 for relief from sentence. He filed an appeal from denial of his § 2255 motion, and moved in this court for a stay of execution of his sentence until the appeal was acted on. On July 24, 1985, I ordered that defendant's release on bond

be continued "during pendency of defendant's appeal of this court's denial of his Motion for Habeas Corpus." On May 22, 1986, 791 F.2d 922, the Third Circuit Court of Appeals summarily affirmed the denial of defendant's motion for relief under 28 U.S.C. § 2255; his petition for rehearing en banc was denied on July 28, 1986, and his motion for stay of mandate was denied on August 15, 1986. Accordingly, the government has moved this court to order defendant to commence service of his sentence of eleven years' imprisonment.[1] Defendant has opposed this motion, and has moved this court to stay his sentence during the pendency of his petition for writ of certiorari to the Supreme Court. For the reasons articulated below, the government's motion will be granted and defendant's motion will be denied.

## I.

■ The inherent authority of a court to direct that a petitioner be released from custody during the pendency of habeas corpus proceedings was discussed in an earlier memorandum and order in this case. *United States v. DiSalvo*, Crim. No. 83–00041–01 (E.D.Pa. May 19, 1985). The government has not questioned defendant's assumption that this court's inherent authority to grant bail in habeas corpus proceedings also extends to bail pending petition for a writ of certiorari, and we hold that this court has the power to grant the relief defendant seeks.

## II.

The Bail Reform Act of 1984, 18 U.S.C. § 3143(b), authorizes a court to stay the sentence of a defendant "who has been sentenced to a term of imprisonment and who has filed an appeal *or a petition for a writ of certiorari*" (emphasis added). This court held in its May 19, 1985 memorandum and order that "the Bail Reform Act of 1984 establishes, at the very least, a minimum standard which petitioner must satisfy in order to be eligible for release pending the appeal of this court's decision

on petitioner's motion for a new trial." Memorandum at 4. Under the Act, a defendant must be detained unless the court finds that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community" and "that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial."

This court's order of July 24, 1985 granting defendant's motion for release pending appeal was predicated on a finding, after an evidentiary hearing, that defendant had proven by clear and convincing evidence that he was not likely to flee or to be dangerous. The government has not argued that this court must reevaluate those findings in order to find that defendant is now entitled to a stay of sentence pending disposition of his petition for a writ of certiorari. Nor has the government argued that the standards this court must apply in determining whether a petition for a writ of certiorari raises a "substantial question" differ from the standards this court held to be applicable in determining the substantiality of the questions raised by defendant's appeal to the Third Circuit. *See United States v. DiSalvo*, 663 F.Supp. 142 (E.D.Pa.1985). Instead, the government argues that the intervening appellate history of defendant's case demonstrates that the questions raised by defendant are no longer substantial.

In order to evaluate this argument, it is necessary to review the issues raised in defendant's appeal to the Third Circuit and his petition for writ of certiorari. Defendant's conviction was based in part on out-of-court statements of persons not called to testify but not shown to be unavailable; defendant challenged the admission of those statements in his § 2255 motion. This court found that the out-of-court statements in question were used for a non-hearsay purpose, and held that the use of those statements therefore did not violate the Confrontation Clause as interpreted by the Third Circuit in *United States v. Inadi*,

---

1. The government filed its motion after the Third Circuit denied rehearing, and renewed its motion after the Third Circuit denied a stay of mandate.

748 F.2d 812 (3d Cir.1984). *United States v. DiSalvo*, Crim. No. 83–00041–01 (E.D.Pa. March 15, 1985). On March 10, 1986, the Supreme Court reversed the Third Circuit's decision in *Inadi*, holding that the government need not show that nontestifying co-conspirators are unavailable as a foundation for admitting their out-of-court statements. *United States v. Inadi*, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986). The Third Circuit, in which defendant's appeal was pending, requested supplemental briefing in light of the Supreme Court's opinion in *Inadi*. In his supplemental memorandum, defendant argued that, even after *Inadi*, out-of-court statements of absent co-conspirators were admissible only if they bear adequate indicia of reliability. The Third Circuit summarily affirmed the denial of defendant's § 2255 motion. *United States v. DiSalvo*, 791 F.2d 922 (3d Cir.1986) (judgment order). Defendant's motions for rehearing and for a stay of mandate were also denied. *United States v. DiSalvo*, No. 85–1192 (3d Cir. July 28, 1986) (petition for rehearing); *United States v. DiSalvo*, No. 85–1192 (3d Cir. Aug. 15, 1986) (motion for stay of mandate).

The government argues that this history "highlights the meritlessness of DiSalvo's challenge to his conviction," Government's Motion to Commence Sentence at 5, and that defendant is not entitled to release pending further appellate review.

■ We do not find the issue quite as simple as the government's presentation would suggest. Under *United States v. Miller*, 753 F.2d 19 (3d Cir.1985), a court considering a motion for a stay of sentence pending appeal must make two determinations: (1) "that the question raised on appeal is a 'substantial' one, i.e. ... that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful;" and (2) "whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to re-

quire reversal or a new trial." *Id.* at 23. "The federal courts are not to be put in the position of 'bookmakers' who trade on the probability of ultimate outcome. Instead, that language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal." The Third Circuit again addressed the issue of the standards to be applied to motions pursuant to 18 U.S.C. § 3143(b) in *United States v. Smith*, 793 F.2d 85 (3d Cir.1986). In *Smith*, a majority held that a question is "significant" if it is "debatable among jurists of reason." 793 F.2d at 87 (Mansmann, J., announcing the judgment of the court, joined by Pollak, J., dissenting). *But see id.* at 92 (Hunter, J., concurring) (requiring that the question be "close").

■ Defendant now seeks to remain on bail awaiting disposition of his petition for a writ of certiorari in which he challenges the judgment of the Third Circuit. Admittedly, the probability that the Supreme Court will grant a writ of certiorari may well be quite low, and that low probability further diminishes the probability that the Supreme Court will reverse or otherwise disturb the decision defendant now challenges. But under *Miller* and *Smith*, a court faced with a motion to stay a sentence is not asked to predict the likelihood of reversal, but rather to assess the significance of the question at issue and its centrality to the outcome of the case. I shall proceed under the assumption that, notwithstanding the admitted difference between discretionary appeal and appeal as of right, the same question is before me now. With all due respect, this court cannot accept the government's view that the Third Circuit's affirmance of the denial of defendant's § 2255 motion requires reversal of this court's earlier judgment that reasonable minds could differ as to whether this court used the out-of-court statements at issue in this case for non-hearsay purposes.[2]

---

2. I determined in my Memorandum of July 5, 1985 that the question of whether I used the out-of-court statements of non-testifying coconspirators for hearsay purposes was "significant" under the standard set forth in *Miller*. I now hold that the question is "debatable among jurists of reason" and therefore is "significant" under the standard set forth in *Smith*.

### III.

The question remains as to whether, in light of the Supreme Court's decision in *United States v. Inadi*, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986), a decision that this court did in fact use the out-of-court statements for hearsay purposes would be "likely to require reversal or a new trial." *Miller*, 753 F.2d at 23. Defendant has argued that, even after *Inadi*, such statements must be shown to be reliable before they may be admitted. That appears to be the position of the Third Circuit. *See United States v. Caputo*, 791 F.2d 37 (3d Cir.1986).

■ Defendant is correct that the question is an unsettled one. The reliability of out-of-court statements was not at issue in the Supreme Court's decision in *United States v. Inadi*, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986). *Id.* at 1124 n. 3. As Justice Marshall noted in his dissenting opinion in *Inadi*, the Supreme Court has yet "to resolve a conflict among the lower courts as to whether declarations of co-conspirators who are not present in court for cross-examination must be shown to have particularized 'indicia of reliability' before they can be admitted for substantive purposes against a criminal defendant." *Id.* at 1129 n. 1. The Supreme Court has granted certiorari in a case which raises this issue. *See Bourjaily v. United States*, — U.S. —, 107 S.Ct. 268, 93 L.Ed.2d 246 (1986). *See also United States v. Ammar*, 714 F.2d 238, 254–55 (3d Cir.1983) (discussing division among the circuits). We conclude that this question of law is "fairly doubtful," [3] and that a finding that the statements were not reliable would require reversal or a new trial were the Supreme Court to hold that a showing of reliability is required.

■ We also agree with defendant that the issue of reliability has been properly preserved. The Third Circuit noted in *Miller* that "[a] question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered . . . to have been insufficiently preserved," and that as a result reversal or a new trial is not "likely." *Miller*, 753 F.2d at 23. In its memorandum in opposition to defendant's petition for certiorari, the government states that defendant failed to ask the Third Circuit "to determine whether there were . . . indicia of reliability in this case." Memorandum at 5. This statement is incorrect, and defendant has brought the government's error to the attention of the Supreme Court.[4] The issue of reliability became material in this case only upon the reversal of the Third Circuit's judgment in *Inadi*. Defendant raised the issue before the Third Circuit in his memorandum on the impact of the Supreme Court's decision in *Inadi*, and again in motions for rehearing and stay of mandate.

### IV.

As defendant properly notes in his petition for a writ of certiorari, neither this court nor the Third Circuit made findings as to the reliability of the statements used against defendant in this case. This court must now ask, in order to complete the inquiry called for by *Miller* and *Smith*, whether the reliability of the out-of-court

---

**3.** The existence of a clear conflict among the circuits differentiates the question of law underlying DiSalvo's case from the question at issue in *United States v. Smith*, 793 F.2d 85 (3d Cir. 1986). In that case, the court was required to determine the "significance" of a question of law for purposes of the Bail Reform Act in the absence of any precedent. In light of the conflict among the circuits as to whether reliability must be shown, the question of reliability is not only "debatable among jurists of reason," *Smith*, 793 F.2d at 87 (Mansmann, J., announcing the judgment of the court, joined by Pollak, J., dissenting), but is also "close," *Smith*, 793 F.2d at 92 (Hunter, J., concurring).

**4.** The Supreme Court initially denied defendant's petition for certiorari, at which point we denied defendant's motion for bail pending disposition of his petition as moot. *United States v. DiSalvo*, Crim. No. 83–00041–01 (E.D.Pa. Dec. 10, 1986). On December 10, 1986, after defendant pointed out the error in the government's memorandum, Justice Brennan granted defendant's application for suspension of the effect of the order denying certiorari. On December 15, 1986, this court withdrew its order denying defendant's petition for bail.

statements at issue here is "debatable among jurists of reason."

In *United States v. Ammar*, 714 F.2d 238 (3d Cir.1983), the Third Circuit held that the following factors, not all of which need be present, were relevant to the question of whether the out-of-court statements of absent coconspirators are sufficiently reliable to satisfy the requirements of the confrontation clause: " '(1) whether the declaration contained assertions of past fact; (2) whether the declarant had personal knowledge of the identity and role of the participants in the crime; (3) whether it was possible that the declarant was relying upon faulty recollection; and (4) whether the circumstances under which the statements were made provided reason to believe that the declarant had misrepresented the defendant's involvement in the crime.' " *Id.* at 256, quoting *United States v. Perez*, 658 F.2d 654, 661 (9th Cir.1981).

In the case before us, the statements upon which this court relied were drawn from telephone conversations among coconspirators discussing the contemporaneous condition and availability of methamphetamine shipments. These are facts about which the speakers had personal knowledge, and the co-conspirators who recited these facts in the course of ongoing transactions would have had no motive to engage in misrepresentation. We conclude on the basis of the trial record that the statements carried sufficient indicia of reliability to be admissible into evidence, and that this conclusion is not "debatable among jurists of reason."

Accordingly, defendant's motion for a stay of sentence pending appeal will be denied, and the government's motion to commence sentence will be granted. An appropriate order is appended.

## ORDER

For reasons set forth in the accompanying Memorandum, it is hereby ORDERED AND DIRECTED that

(1) defendant's motion to continue bail pending appeal is DENIED;

(2) the government's motion to commence sentence is GRANTED. It is hereby ORDERED that the sentence imposed by this court on September 30, 1983, is to be executed forthwith, and in accordance with that sentence, the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of eleven (11) years, and is hereby ordered to report to the United States Marshall's Office, United States Courthouse, Philadelphia, Pennsylvania, by no later than 12 o'clock noon on January 21, 1987.