UNITED STATES of America

v.

**Stanton MILLER and Robert Miller, Appellants.**

Nos. 84–1733, 84–1734.

United States Court of Appeals, Third Circuit.

Argued Jan. 15, 1985.
Decided Jan. 18, 1985.

F. Emmett Fitzpatrick, Philadelphia, Pa., for appellants.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Peter J. Smith, Asst. U.S. Atty., Chief, Criminal Division, Frank H. Sherman, Asst. U.S. Atty. (argued), Philadelphia, Pa., for appellee.

Before HUNTER, WEIS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Before us is a motion by appellants under Fed.R.App.P. 9(b) for release upon bail pending appeal. Because this motion raises an issue of the interpretation of the Bail Reform Act of 1984 which has not previously been considered by this court, we have considered this matter on an expedited basis. Specifically, we focus on the meaning of the statutory language conditioning the grant of bail pending appeal upon a finding that the appeal "raises a substantial question of law or fact likely to result in reversal or an order for a new trial." Bail Reform Act of 1984, Pub.L. No. 98–473, § 203, 98 Stat. 1981–82 (to be codified at 18 U.S.C. § 3143).

### I.

#### Facts

Appellants Stanton and Robert Miller are brothers who were convicted following a jury trial of one count of conspiracy to defraud the United States, two counts of filing false income tax returns, and one count of conducting an illegal gambling business. Stanton Miller was also convicted on one count of making a false oath in a bankruptcy proceeding. Briefly, the convictions arose out of defendants' operation of a large scale nightly bingo game at a Philadelphia hotel managed and partly owned by them. The bingo game was os-

tensibly, but not actually, church spon- sored. Each defendant was sentenced to fines and terms of imprisonment concur- rent with the longest sentence, 18 months imprisonment on the conspiracy count.

Defendants' motion before the district court for bail pending appeal was denied, pursuant to that court's interpretation of the Bail Reform Act of 1984, a part of the Comprehensive Crime Control Act of 1984, which became effective on October 12, 1984. The jury's verdict of conviction was returned October 19, 1984 and defendants' sentences were imposed on November 30, 1984. Defendants have appealed from their convictions, and those appeals are presently pending in this court. Appel- lants' briefs on the merits are not due until next month. After denying bail, the dis- trict court ordered defendants to surrender on January 28, 1985.

## II.

### Ex Post Facto Claim

Appellants contend that because all of the criminal events alleged in the indict- ment took place between September 1971 and February 1981, the prior Act governing bail on appeal, see 18 U.S.C. § 3148 (1982) (repealed by 1984 Act), should be applied to them. They contend that application of the 1984 Act to them constitutes a violation of the Ex Post Facto Clause of the Constitu- tion.

The ex post facto prohibitions of the Constitution, which are found in Article I, § 9, Cl. 3, and Article I, § 10, Cl. 1, are inapplicable here. They apply only to laws which impose "punishment". See Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 963, 67 L.Ed.2d 17 (1981). They are de- signed to require the legislature to give individuals fair warning, and are not appli- cable to procedural changes in the criminal process. See Dobbert v. Florida, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977).

The availability vel non of bail pending appeal, albeit extremely important to the individual involved, is a procedural issue rather than a type of punishment to which the Ex Post Facto Clauses apply. There- fore, we reject appellants' contention that the district court erred in applying the pro- visions of the 1984 Act to them.

## III.

### Criteria for Bail Pending Appeal Under the 1984 Act

The relevant section of the 1984 Act gov- erning bail pending appeal, to be codified at 18 U.S.C. § 3143, provides:

(b) RELEASE OR DETENTION PEND- ING APPEAL BY THE DEFENDANT

The judicial officer [of a court of origi- nal jurisdiction over an offense, or of a Federal appellate court] shall order that a person who has been found guilty of an offense and sentenced to a term of im- prisonment, and who has filed an appeal or a petition for writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released pursuant to sections 3142(b) or (c); and (2) that the appeal is not for purpose of delay and raises a substantial ques- tion of law or fact likely to result in reversal or an order for a new trial. If the judicial officer makes such find- ings, he shall order the release of the person in accordance with the provisions of sections 3142(b) or (c).

The newly enacted criteria have also been expressly incorporated in Federal Rule of Appellate Procedure 9(c). See Bail Reform Act of 1984, § 210.

The district court found that appellants Stanton and Robert Miller satisfied subsec- tion (1) in that they were "not likely to flee or pose a danger to the safety of another person or community if released." Tran- script of Hearing of November 30, 1984 at 70. The district court also found that "the appeal was not for the purpose of delay." Id. at 71. It is not clear whether the district court found that the appeal "raises

substantial questions of law or fact." The court denied bail pending appeal after stating that it could not "in good faith ... conclude that it is likely to result in a reversal or an order for a new trial." *Id.*

■ It appears that the district court construed the statutory language to signify that it could grant bail on appeal only upon finding that its own rulings were likely to be reversed. At the hearing on the post-trial motions, the court stated that the Act "practically means that the district judge has to determine that he has probably made an error in the decision that he has rendered in the lower court...." Transcript of Hearing of November 26, 1984 at 25. At the sentencing hearing, the district court stated that, "it would be, I think, a very rare case that the judicial officer would make such a finding, but I think that's the intent and purpose of the statute, it seems to me rather clear they do not intend persons to remain on bail where an appeal is filed." Transcript of Hearing of November 30, 1984 at 71. We conclude that this is not the correct interpretation of the statutory language.

The Bail Reform Act of 1984 was enacted because Congress wished to reverse the presumption in favor of bail that had been established under the prior statute, the Bail Reform Act of 1966. Under that Act, even after conviction the defendant was entitled to bail "unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or any other community." § 3(a), 80 Stat. 214, 215 (1966) (formerly codified at 18 U.S.C. § 3148). Congressional concern with this standard was manifest. As early as 1970, Congress enacted a much more stringent rule for bail pending appeal under its authority as the legislative body for the District of Columbia, D.C.Code Ann. § 23–1325(c), the precursor of the Bail Reform Act of 1984.

The House Report on the District of Columbia Act was explicit as to the reasons for congressional dissatisfaction with the prevailing criteria for bail pending appeal. It states:

[O]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances. First and most important, the conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law, a presumption factually supported by the low rate of reversal of criminal convictions in the Federal system. Second, the decision to send a convicted person to jail and thereby reject all other sentencing alternatives, by its very nature includes a determination by the sentencing judge that the defendant is dangerous to the person or property of others, and dangerous when sentenced, not a year later after the appeal is decided. Third, release of a criminal defendant into the community, even after conviction, destroys whatever deterrent effect remains in the criminal law. Finally, contrary to the suggestion in the *Forrest* case, [*United States v. Forrest*, 418 F.2d 1186 (D.C.Cir.1969) ] the purpose of the appellate process is not to give a convicted criminal, by means of release pending appeal, an opportunity to demonstrate a basis for reducing a sentence after the conviction has been affirmed.

H.Rep. No. 907, 91st Cong., 2d Sess. 186–87 (1970).

The provision governing bail on appeal in the Bail Reform Act of 1984 is identical to that in the District of Columbia Code. In the three relevant Senate Reports, that body made clear that the purpose of the Act was to reverse the presumption in favor of bail, but not to deny bail entirely to persons who appeal their convictions, as the district court believed. In the most recent report on the provision, which remained identical throughout its legislative consideration, the Senate Judiciary Committee stated, "The basic distinction between the existing provision and section 3143 is one of presumption.... It has been held that although denial of bail after conviction is frequently justified, the current statute incorporates a presumption in favor of bail even after conviction. It is

the presumption that the Committee wishes to eliminate in section 3143." S.Rep. No. 225, 98th Cong., 1st Sess. at 26 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad. News 1, 29 (Supp. 9A). The Senate also made it clear, however, that bail on appeal was still available. It stated that section 3143 *"statutorily permit[s]* release of a person while he is awaiting sentence or while he is appealing or filing for a writ of certiorari." *Id.* (emphasis added).

Our task is to give a reasonable construction to the statutory language in a manner that effectuates the congressional intent. Under the new act, after first making the findings as to flight, danger, and delay, a court must determine that the question raised on appeal is a "substantial" one, i.e. it must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful. This represents a marked change in the inquiry into the merits in the context of a bail determination, since the 1966 act only required the court to determine whether the issue was "frivolous," *see* 18 U.S.C. § 3148 (repealed by 1984 Act).

After the court finds that the question on appeal meets the new "substantial" test, it must determine whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial. The statutory language requiring a finding that the appeal "raises a substantial question of law or fact likely to result in reversal or an order for a new trial" cannot be read as meaning, as the district court apparently believed, that the district court must conclude that its own order is likely to be reversed.

In the first place, such a reading would render language in the statute surplusage because every question that is likely to be reversed must by definition be "substantial". In the second place, we are unwilling to attribute to Congress the cynicism that would underlie the provision were it to be read as requiring the district court to determine the likelihood of its own error. A district judge who, on reflection, concludes that s/he erred may rectify that error when ruling on post-trial motions. Judges

do not knowingly leave substantial errors uncorrected, or deliberately misconstrue applicable precedent. Thus, it would have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error.

For a similar reason, the phrase *"likely* to result in reversal or an order for a new trial" cannot reasonably be construed to require the district court to predict the probability of reversal. The federal courts are not to be put in the position of "bookmakers" who trade on the probability of ultimate outcome. Instead, that language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal. A question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved. A court may find that reversal or a new trial is "likely" only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.

The parties are in substantial agreement with this construction of the statute. In its memorandum, the government analyzes the language as follows:

> First, the appeal must raise a "substantial question of law or fact." Second, if defendant prevails on appeal, the issue must be one that is "likely to result in reversal or an order for a new trial" on all counts on which a sentence of imprisonment was imposed. If the error would be considered harmless or reversal or new trial would otherwise not be the remedy, the Act's requirements are not satisfied.

Memorandum in Support of Government's Answer to Appellants' Motion for Release Upon Bail Pending Appeal at 19.

This construction, which we accept, effectuates congressional intent in that a defendant seeking bail on appeal must now show that his or her appeal has more merit than under the discarded "frivolous" test,

**24**

but preserves the court's discretion to give bail in those cases, which will consequently be considerably reduced in number, where defendant can meet the criteria discussed above. Since Congress, by its explicit language, did not deny all bail on appeal, we need not reach appellants' additional suggestion that denial of bail on appeal has "overtones of severe constitutional infirmity," nor do we express any opinion on the government's response that a concomitant of the government's right to deprive defendants of any right to appeal is the right to eliminate bail on appeal.

In summary, then, under the criteria established by the 1984 Act which the *defendant* now has the burden of proving if s/he seeks bail pending appeal, the court must find:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

### IV.

*Disposition of the Motion for Bail*

The government argues that the district court properly denied bail in this case. Although appellants raised a number of issues in their post-trial motions, and have stated they will present them all on appeal, the issue they proffer before the court now as the substantial question satisfying the statutory criteria deals with the introduction of testimony by a witness regarding the "net average" or "high-low" figure as to the nightly income from the bingo game. The district court is in a better position to evaluate, in the first instance, whether this issue is indeed substantial, as defined above, and whether it is so integral to the entire case against defendants that an ap-

pellate decision that the evidence should not have been introduced is likely to require reversal or a new trial of all counts on which defendants have been sentenced to imprisonment. In this case, defendants have been sentenced to concurrent terms of imprisonment on more than one count. Obviously, if the question deemed substantial is not related to all of those counts, then the statutory criteria for bail pending appeal would not be met as to the unaffected counts, and bail may be denied.

Since our construction differs from that applied by the district court, which ruled on the motion for bail without the guidance of any appellate construction of the relevant provision, we will vacate the district court's order denying bail pending appeal, we will grant appellants' motion to remand to the district court the issue of bail determination pending appeal, and we will retain the appeal on the merits. We are confident that the district court will make an expeditious ruling in light of the date that it established for surrender by appellants.