**UNITED STATES of America, Plaintiff,**

**v.**

**Marvin HALL, Defendant.**

**No. 84 CR 692.**

United States District Court,
N.D. Illinois, E.D.

Feb. 22, 1985.

Gregory C. Jones, Acting U.S. Atty. by Alex S. Vesselinovitch, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

William H. Theis, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is defendant Marvin Hall's motion for bail pending appeal. For the reasons stated below, defendant's motion is denied.

Defendant was convicted following a jury trial on November 28, 1984 of stealing over $100 from the United States in violation of 18 U.S.C. § 641. The crime charged in the indictment occurred in September, 1984. On January 14, 1985, defendant was sentenced to two years imprisonment and ordered to make restitution to the United States in the amount of $1,650. On February 1, 1985, the Court denied defendant's motions to vacate conviction, for acquittal, and for a new trial. Defendant's surrender date is set for February 26, 1985.

In his motion for bail pending appeal, defendant argues that he is entitled to bail pending appeal under the law that existed at the time the offense occurred. That law provided:

> A person ... who has been convicted of an offense and ... has filed an appeal ... shall be treated in accordance with the provisions of Section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained.

18 U.S.C. § 3148, *repealed by*, Comprehensive Crime Control Act of 1984, ch. I § 203, 98 Stat. 1976.

Section 3146 provided:

> Any person charged with an offense, other than an offense punishable by death, shall ... be ordered released pending trial on his personal recognizance or upon the execution of an unsecured appearance bond ... unless the [judicial]

officer determines, in the exercise of his discretion, that such a release will not reasonably assure the appearance of the person as required....

18 U.S.C. § 3146, *repealed by*, Comprehensive Crime Control Act of 1984, ch. I, § 203, 98 Stat. 1976.

The government argues that defendant should be denied bail under the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat.1976, ("the Act"). Specifically, the government argues that defendant is unable to qualify for release pending appeal under Chapter I of the Act (the Bail Reform Act of 1984), Pub.L. No. 98–473, 98 Stat. 1976, 1976–1985 (codified at 18 U.S.C. §§ 3141–3150) (effective October 12, 1984). Regarding the criteria for determining whether a convicted defendant should be released on bond pending appeal, the Act now provides:

> The judicial officer shall order that a person who has been found guilty and sentenced to a term of imprisonment, and who has filed an appeal ... be detained, unless the judicial officer finds—
>
> > (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and
> >
> > (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

18 U.S.C. § 3143(b).

Defendant argues that application of the Act in this case would violate the ex post facto clause, Article I, § 9 of the United States Constitution, because the crime charged in the indictment occurred before the effective date of the Act. Defendant relies upon the recent decision of *U.S. v. Cirrincione*, 600 F.Supp. 1436 (N.D.Ill. 1985), decided by Judge Getzendanner.

In *Cirrincione*, the court held that the Act's "standards for release pending appeal cannot be applied to offenses committed before October 12, 1984 without offending the ex post facto clause." *Id.* at 1445.

The court construed the Act's new standards as "more than 'merely procedural'" and, in fact, as enhancing the punishment of the defendant. *Id.* at 1444–1445. The court reasoned that "most rational persons desire to put off punishment as long as they may." *Id.* at 1445.

After *Cirrincione* was decided, however, Judge Roszkowski held that the Act "does not amount to a retrospective enhancement of punishment" and therefore does not offend the ex post facto clause. *U.S. v. Giangrosso*, 605 F.Supp. 697, 700 (N.D.Ill. 1985). In holding the ex post facto clause does not apply, the court in *Giangrosso* relied upon *U.S. v. Davis*, 598 F.Supp. 453 (S.D.N.Y.1984), a decision which construed the Act's bail modifications as procedural and not substantive. Judge Roszkowski reasoned that the Act's bail modifications affect only the procedure for determining whether a defendant's sentence should commence immediately following conviction, and not any of the defendant's substantive rights. *Id.* at 701. The Third Circuit also has recently decided that the Act's new standards for release pending appeal involve "a procedural issue rather than a type of punishment to which the Ex Post Facto Clauses apply." *U.S. v. Miller*, 753 F.2d 19, 21 (3d Cir.1985). In a similar case, Judge Shadur held that § 3143(a) (the Act's modified procedures for release pending sentencing) may be applied retroactively without violating the ex post facto clause. *U.S. v. DiVarco*, No. 84 CR 507, *slip op.* (N.D.Ill. February 6, 1985).

Reviewing the above opinions, this Court is convinced that the Third Circuit's opinion in *Miller*, Judge Roszkowski's opinion in *Giangrosso* and the New York district court's opinion in *Davis* are persuasive and decided correctly. In *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), the Supreme Court upheld retroactive application of a statute which allowed the trial judge, in a capital case, to disregard the jury's recommendation of life imprisonment, and instead sentence the defendant to death. The Court construed the change in the statute as "clearly procedural," and resulted in "no change in the quan-

tum of punishment." *Id.* at 293–94, 97 S.Ct. at 2298–99. The Court noted that even though the statute disadvantaged the defendant, such a procedural change was not ex post facto. *Id.* 293, 97 S.Ct. at 2298.

■ Like the defendant in *Dobbert*, defendant here will be disadvantaged under the Act's new bail procedures. Defendant will serve his sentence sooner under the Act than under the old law. The Act's new bail provisions, however, similar to the statutory changes in *Dobbert*, are procedural. Section 3143(b) does not create a new crime, enhance the defendant's punishment, or deprive the defendant of any defense to the charges. As such, its application to this case does not violate the ex post facto clause.

■ Applying § 3143(b) to this case, defendant has failed to meet his burden justifying bond on appeal. The Third Circuit recently interpreted § 3143(b) and held that a defendant bears the burden of proving four conditions before a court may grant bail:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*U.S. v. Miller*, 753 F.2d 19 (3d Cir.1985). Without passing on elements 1 and 2, defendant has failed to establish that "the appeal raises a substantial question of law or fact" as required by the third and fourth elements. The two errors alleged in defendant's post trial motion—failure to instruct the jury on entrapment and improper instruction on the definitions of "steal" and "convert"—fail to raise a substantial question of law or fact. See Order Denying

Defendant's Post-Trial Motions, February 1, 1985.

### CONCLUSION

For the above reasons, defendant has failed to meet his burden under § 3143(b) and therefore his motion for bail pending appeal is denied. Defendant is ordered to surrender to the United States Marshal in Chicago before 12:00 p.m. (noon) on February 26, 1985.

IT IS SO ORDERED.