**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rose GIANGROSSO,
Defendant-Appellant.**

**No. 84–2697.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 17, 1985.

Decided June 4, 1985.

Steven Miller, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Suzane Philbrick, Oak Lawn, Ill., for defendant-appellant.

Before CUMMINGS, Chief Judge, and BAUER and POSNER, Circuit Judges.

POSNER, Circuit Judge.

The defendant-appellant has made a motion to reconsider our unpublished order denying her motion to be admitted to bail pending appeal. We denied the motion—which challenged the constitutionality of the provision of section 203 of the Bail Reform Act of 1984 (to be codified at 18 U.S.C. § 3143(b)(2)) relating to bail pending appeal—on the authority of *United States v. Molt*, 758 F.2d 1198 (7th Cir.1985). *Molt* held that the application of the new, tighter standard of the Bail Reform Act for bail pending appeal can be applied to appellants convicted for criminal activity before the Act was passed, without violating the ex post facto clause of Article I, section 9.

In her motion for reconsideration, the appellant points out that her original motion also challenged the constitutionality of the provision under the due process clause of the Fifth Amendment and the excessive-bail clause of the Eighth Amendment, and that we did not discuss those challenges in denying her motion. If this circuit had adopted the interpretation of section 203 first made in *United States v. Miller*, 753 F.2d 19, 23–24 (3d Cir.1985), whereby the standard under the new statute for bail pending appeal (where there is no danger of flight)—that the appeal is "likely to result in reversal or an order for a new trial"—is satisfied by showing that the appeal raises a substantial question that will result in reversal (whether with directions to acquit, or for a new trial) *if the defendant's position on the question is sustained,* then we could reject Miss Giangrosso's challenges under the Fifth and Eighth Amendments by a citation to the Eighth Circuit's recent and well-reasoned *en banc* opinion in *United States v. Powell*, 761 F.2d 1227, 1234 (1985). However, the Eighth Circuit's decision on these constitutional issues was expressly premised on its adopting the *Miller* standard, which this circuit has yet to do. See *Unit-*

*ed States v. Molt, supra,* 758 F.2d at 1199–1200. In the present case the district judge adopted a different standard: whether in fact he thought us likely to reverse the conviction. The appellant does not challenge that standard, and its correctness is not before us; but she asks us to hold that if that is the standard, the Bail Reform Act violates the Fifth and Eighth Amendments.

We think not. The fact (if it is a fact—and we repeat that it is still an open question in this circuit) that a judge is not allowed to grant bail pending appeal unless he thinks the conviction is likely to be reversed would of course make it harder to get bail on appeal, but it would not deny the defendant due process of law, if only because he (or in this case she) can ask us for bail under Fed.R.App.P. 9(b). Whatever unreality is involved in asking the district judge whether he is likely to be reversed, there is nothing unusual about asking us whether we are likely to reverse; it is the usual thing we ask ourselves when requested to stay a district court's order pending appeal, see *Adams v. Walker,* 488 F.2d 1064, 1065 (7th Cir.1973); and a motion for bail pending appeal is a motion for a type of such stay. Hence we need not decide whether, if Rule 9(b) were inapplicable, a standard that required the district judge to speculate on the likelihood of his being reversed would be so irrational as to deny the applicant for bail due process of law.

The prohibition of excessive bail has nothing to do with the matter; it means simply "that bail shall not be excessive in those cases where it is proper to grant bail." *Carlson v. Landon,* 342 U.S. 524, 545–46, 72 S.Ct. 525, 537, 96 L.Ed. 547 (1952). Miss Giangrosso is not complaining about excessive bail, but about the procedures used to deny bail; that is a complaint under the due process clause, and we think an insubstantial one.

The motion for reconsideration is

DENIED.