FILED
Clerk
District Court

JUL 2 8 1986

For The Hon. ... Mariana Is...nds
By ...

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

COMMONWEALTH OF THE NORTHERN )    DCA NO. 86-9024
MARIANA ISLANDS,              )
                              )    CTC NO. 86-26
        Plaintiff-Appellee,   )
                              )
            vs.               )    DECISION AND ORDER
                              )
JOON CHUL AHN,                )
                              )
        Defendant-Appellant.  )
_____)

This matter came before the Court on July 23, 1986, for hearing of defendant-appellant's motion for stay of execution of sentence pending appeal, pursuant to Rule 5(a) of this Court's Rules of Appellate Procedure.

The only issue facing the Court at this time is whether any of appellant's claims raises a substantial question of law, thereby justifying the requested stay.

A "substantial question" is one that poses an issue "debatable among jurists of reason." Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3393-94, 77 L.Ed.2d 1090 (1983), at n.4, quoting Gordon v. Willis, 526 F.Supp. 911, 913 (N.D.Ga. 1980). The Ninth Circuit in United States v. Handy re-stated this to require that an issue be "fairly debatable" or "fairly doubtful." Handy, 761 F.2d 1279, 1283 (9th Cir. 1985). Another circuit has stated that the test is met if the question "is one

774

which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." United States v. Miller, 753 F.2d 19, 23 (3rd Cir. 1985).

Appellant contends that his rights to due process and equal protection of the laws were violated when the judge, who tried the misdemeanors, and the jury, which decided the felonies, reached inconsistent verdicts on charges allegedly requiring identical findings of fact. Appellant indeed may be correct to characterize this as a case of first impression. Neither the Court nor either party has yet been able to find precedent for this situation.

The Commonwealth of the Northern Mariana Islands is unique in its structuring of jury trials in criminal cases. Title 7 of the Commonwealth Code, Section 3101, provides that a criminal defendant is entitled to a trial by jury only if he or she faces imprisonment of five or more years and/or a fine of more than $2,000. This provision, although significantly different than those found within the fifty states, as of this date has been found to not violate a defendant's right to a jury trial under the Sixth Amendment to the U.S. Constitution. CNMI v. Atalig, No. 83-1094X, slip op. at 221-224 (9th Cir. January 11, 1984).

Rather than allow the jury to try all the charges, the trial judge reserved the decision by himself of those charges for which maximum imprisonment was less than five years and/or a fine of less than $2,000. Neither party, apparently, foresaw the

possibility of inconsistent verdicts between two different triers of fact - the trial judge and the trial jury - in the same trial and on the same evidence. No steps, therefore, were taken to forestall such an occurrence. Indeed, another issue well may be whether or not appellant's claimed defects were waived by failure to object.

The issue before the Court is novel, no precedent is known, and its resolution is fairly debatable. And in a jurisdiction where an alleged criminal is denied a jury trial even though he faces incarceration of up to but less than five years, resolution of this issue is significant. Therefore, appellant's motion for stay is hereby GRANTED, subject to the restrictions placed upon defendant by the trial court.

This decision addresses only one of the issues raised by appellant. The fact that this Court finds that a substantial question of law has been raised by the inconsistent verdicts is not intended to and should not be construed as a comment on the merit of either this issue or the other arguments forwarded by appellant but not mentioned herein.

IT IS SO ORDERED.

DATED this _28th_ day of July, 1986.

JUDGE ALFRED LAURETA