**UNITED STATES of America, Plaintiff,**

v.

**Glenn WELLMAN, Defendant.**

**No. 86 CR 78.**

United States District Court,
N.D. Illinois, E.D.

Aug. 21, 1986.

---

Michelle Smith, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

George Lynch, Holland C. Capper, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ASPEN, District Judge:

Defendant Glenn Wellman was convicted by jury verdict of two counts of mail fraud under 18 U.S.C. § 1341 (1982). This Court sentenced Wellman to imprisonment for one year and fined him one thousand dollars on Count I and placed him on probation for five years, and fined him one thousand dollars on Count II. Wellman moved this Court to allow his release on bond pending appeal. We denied that motion, and Wellman has moved under Fed.R.App. 9(b) for a statement in writing of the reasons this Court refused to release Wellman pending appeal.

Under the Bail Reform Act of 1984, Wellman must be detained unless the Court finds (1) by clear and convincing evidence that he is not likely to flee or endanger anyone if released, (2) that he is not appealing to delay matters, and (3) "that the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial." 18 U.S.C. § 3143(b). On the basis of the record and of our own observations of Mr. Wellman, we do not think that he is likely to flee or harm someone if released pending appeal. Nor do we think this appeal is being filed for the purpose of delay.

The Seventh Circuit has split the third factor into two questions. First, we must decide whether the appeal presents "a substantial question of law or fact." *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir.1985). "A substantial question is 'a "close" question or one that very well could be decided the other way.'" *United States v. Molt*, 758 F.2d 1198, 1200 (7th Cir.1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)). Stated another way, a close question is one which on appeal "could readily go either way, that it is a toss-up or nearly so." *United States v. Greenberg*, 772 F.2d 340, 341 (7th Cir.1985). The *Bilanzich* court suggested that the Third Circuit's definition of substantial in *United States v. Miller*, 753 F.2d 19 (3d Cir.1985), would be helpful to define substantial. There the Third Circuit found a substantial question is a question "which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Miller*, 753 F.2d at 23. The Seventh Circuit has recently given us further directions as to our role in making this substantiality determination. In *United States v. Shoffner*, 791 F.2d 586 (7th Cir.1986), the court has indicated that a district court in analyzing this issue should direct its attention to its own analysis of the issues raised at earlier stages of the proceedings. "In determining whether a question is 'substantial' as that word is used in 18 U.S.C. § 3143(b)(2), a judge must essentially evaluate the difficulty of the question he previously decided." *Shoffner*, 791 F.2d at 589.

Because we do not find that Wellman has raised any substantial questions of law or fact as noted below, we do not reach the second question, that is, whether an order of a new trial or a reversal of the conviction is more likely than not, assuming that the appellate court decides the close question in the defendants favor.

Wellman, in his affidavit attached to his motion to allow release, raises four issues which he claims raise substantial questions of law or fact likely to result in reversal or in an order for a new trial: (1) failure of the government to prove Wellman guilty beyond a reasonable doubt, that is, that the evidence was insufficient as a matter of law to support the jury's verdict; (2) substantial prejudice as a result of the court's failure to permit defendant to cross-examine two key government witnesses as to promises of a "constructive grant of immunity" that the witnesses had allegedly received from the government; (3) failure of the court to dismiss the indictment because of prosecutorial misconduct; and (4) violation of Wellman's rights under the due process clause because of the almost five-year delay between the last alleged criminal act in July 1981 and the indictment in early 1986.

Wellman's first two issues are simple and straightforward. He previously raised the same motions in his motion for a judgment of acquittal or, in the alternative, for a new trial. This Court denied that motion without opinion and without difficulty on May 21, 1986. Wellman makes no new arguments with respect to these two issues now. In our opinion, these issues are not close. Nor can we say that they very well may be decided the other way. Therefore, we find that the first two issues Wellman raises are not substantial.

The final two issues Wellman raises were also raised earlier, but were raised in his motion to dismiss. This Court rejected these two issues, prosecutorial misconduct and due process violation claim because of pre-indictment delay in a short memorandum order earlier in this case. Again, Wellman makes no new arguments with respect to those issues. In retrospect, we did not find either issue particularly difficult to decide or even close. The legal issues raised were in no way novel and, in fact, had been decided years before by controlling precedent. Therefore, we find that Wellman has failed to raise a substantial issue with respect to prosecutorial misconduct or pre-indictment delay.

Wellman's motion for release on bond pending appeal is denied. It is so ordered.