UNITED STATES of America

v.

George W. McMANUS, Jr.

Crim. No. Y-86-0309.

United States District Court,
D. Maryland.

Jan. 14, 1987.

Breckinridge L. Willcox, U.S. Atty., for D. of Md., Herbert Better, Asst. U.S. Atty.,

and Robert J. Mathias, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Marvin J. Garbis, and William J. Murphy, Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

George W. McManus, Jr., found guilty by a jury of two counts of income tax evasion and two counts of subscribing to a false income tax return, was sentenced to two years imprisonment, four years probation, 2,500 hours of community service, and a $20,000 fine. At the conclusion of the sentencing, defendant requested that his release on bail continue pending appeal of his conviction. His request was granted.

The United States subsequently filed a motion pursuant to 18 U.S.C. § 3143(b) for an order directing the defendant to surrender for service of his sentence. Defendant opposes the motion.

18 U.S.C. § 3143(b) provides that a defendant who has been convicted and sentenced to prison shall be detained pending appeal, unless the judge finds:

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...; and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

The government does not contend that McManus is likely to flee, that he poses a danger, or that the appeal is for purpose of delay. Rather, the government argues that defendant has not raised a substantial question of law or fact likely to result in reversal or an order for a new trial.

In *United States v. Miller*, 753 F.2d 19 (3d Cir.1985), the Third Circuit ruled that § 3143(b) does not require a district court to conclude that its own order is likely to be reversed before it can release a defendant on bail pending appeal. Instead, a court must make a two-part determination after the initial findings as to flight, dan-

ger and delay. First, the court must find that the appeal raises a "substantial" question of law or fact, i.e. one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful. Second, the court must determine whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to require a reversal or a new trial. 753 F.2d at 23. Defendant bears the burden of proving these criteria. *Id.* at 24.

Other circuits have adopted the *Miller* analysis, though some differ on the appropriate definition of "substantial." "A 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir.1985) (en banc). "Historically the phrase 'substantial question' has referred to questions that are 'fairly debatable.'" *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir.1985). The Fourth Circuit has not ruled on this issue, although in a memorandum opinion, Judge Murnaghan adopted the *Miller* decision as a "workable approach to the interpretation of § 3143(b)(2)." *United States v. Polin*, Nos. 85–5009, 5010 (4th Cir. Feb. 28, 1985).

Defendant McManus has identified twelve issues for appeal. While these issues may not be frivolous, none of them rises to the level of a "close" or "fairly doubtful" question. However, recognizing that this appeal does not satisfy the conditions for release required by the decided cases, extenuating circumstances compel creation of an exception for this defendant. The outpouring of support evidenced by letters written on behalf of the defendant prior to sentencing is unprecedented. He has donated much of himself and his resources to charitable and civic organizations in the community. He devoted himself to his family and his wife, whose impaired physical condition requires constant attention. Most importantly, if detained pending appeal, defendant will likely serve the better portion of his two-year term of

incarceration before his case is resolved. While the Court sees no merit in the issues raised on appeal, it would be presumptuous to think the defendant has no chance of reversal. There seems little point to an appeal if the defendant will serve his time before a decision is rendered.

The government contends that the deterrent impact of defendant's sentence will be lost if he remains on bail pending appeal. Such concern is misplaced. If the defendant's conviction is affirmed, he will promptly commence serving his term of incarceration. Furthermore, only his imprisonment is stayed pending appeal. Defendant must begin performing community service and paying the fine required by his sentence.

For the foregoing reasons, the government's motion regarding bail pending appeal is denied.