Joseph Whittle, U.S. Atty., Duane Schwartz, David P. Grise, Asst. U.S. Attys., Louisville, Ky., for plaintiff.

Thomas Lee Osborne, Osborne & Harris, Paducah, Ky., for J. Clenton Henson.

Gary Haverstock, Murray, Ky., for Shelia Lutz.

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

**UNITED STATES of America, Plaintiff,**

v.

**J. Clenton HENSON, Dennis Henson, C. Alan Henson, Gary Ray, Ralph Lutz, Shelia Lutz, Defendants.**

**Crim. No. 86–00006–01–P.**

United States District Court,
W.D. Kentucky,
Paducah Division.

July 13, 1987.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case is before the court on motions of defendants J. Clenton Henson and Shelia Henson Lutz, for bail pending appeal. Jurisdiction exists under 18 U.S.C. Sect. 3143(b)(2), 28 U.S.C. Sect. 1331.

On January 1, 1987, defendant J. Clenton Henson was convicted of one count of conspiracy to commit mail fraud in violation of 18 U.S.C. Sect. 1341, and of six counts of giving or causing to be given false odometer statements in violation of 15 U.S.C. Sects. 1988(b), 1990c. Defendant Shelia Lutz was convicted of one count of conspiracy to commit mail fraud. The defendants were sentenced on January 22, 1987, with

---

J. Clenton Henson receiving a sentence of four years in prison and a fine of $360,000, and Shelia Lutz one year in prison and a fine of $10,000. The defendants then moved for bail pending appeal of their convictions.

According to the Bail Reform Act of 1984, 18 U.S.C. Sect. 3143(b), bail pending appeal is proper if the defendant establishes the following:

(1) that the defendant is not likely to flee or pose a danger to the safety of other persons or communities if released;

(2) that the appeal is not for the purpose of delay;

(3) that the appeal raises substantial questions of law or fact;

(4) that if the substantial questions are determined in defendants' favor on appeal, the decision is likely to result in a reversal or an order for a new trial.

*See United States v. Miller*, 753 F.2d 19, 21–22 (3d Cir.1985); *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir.1985).

The court conducted a hearing on this motion on July 7, 1987, at which counsel for the United States and the defendants presented arguments and testimony relating to these four factors. After considering the evidence presented at the hearing and after reviewing the law relied on by both parties, the court makes the following findings.

### LIKELY TO FLEE/DANGER TO COMMUNITY

The court finds that neither defendant J. Clenton Henson, nor defendant Shelia Lutz, is likely to flee, or poses a danger to others or to the community. Both defendants are lifelong residents of Marshall County, Kentucky and the families of both defendants reside in that area. J. Clenton Henson is involved in at least three businesses in the western Kentucky area, and has disassociated himself from many prior business interests outside of Kentucky. Shelia Henson is employed with at least three businesses in western Kentucky. Both defendants have been permitted to leave the area on occasions since their sentencing, and have returned. Both have also attended every hearing in this case and have reported to the probation officer on all required occasions. The court also notes that the United States does not contend that these defendants are likely to flee.

These defendants were not convicted of violent crimes, and the court does not buy the government's tenuous argument that they remain a danger to the community. The government has presented no evidence in support of this theory. Therefore, the court finds that neither defendant is likely to flee and that neither poses a danger to others or to the community.

### PURPOSE OF DELAY

The court finds that this appeal was not filed for the purpose of delay. Defendants' counsel raise several viable arguments in support of their appeal, and the United States does not contend that the appeals were filed for the purpose of delay.

### SUBSTANTIAL QUESTIONS/LIKELY TO RESULT IN REVERSALS

The most difficult determination in this four-part analysis requires the court to decide whether its previous evidentiary rulings pose substantial questions of law or fact which are likely to be reversed on appeal. This is a two-part analysis, involving first a determination that the questions are substantial, and second, a determination that the questions are "so integral to the merits of the conviction ... that a contrary appellate holding is likely to require reversal ... or a new trial." *United States v. Miller*, 753 F.2d at 23.

The court in *Miller* defined a "substantial" question as either a novel question, one that has not been decided by controlling precedent, or one which is fairly doubtful. 753 F.2d at 23.

Defendants raise several issues on appeal which they contend constitute substantial questions likely to be reversed on appeal. The court will address only two of the alleged errors raised by defendants, inasmuch as those points are dispositive of the court's ruling on this motion.

### 1. *Conspiracy to commit mail fraud.*

Defendants claim that the mailings relied on by the government for their convictions under 18 U.S.C. Sect. 1341 were innocent mailings and not "for the purpose of executing" the schemes required by the statute. The mailings in this case were checks mailed from the Bank of Marshall County to other places to pay for the automobiles subsequently used in the odometer rollback schemes.

After reviewing the case law relied on by the parties, the court is unpersuaded that it erred by permitting the government to pursue the conspiracy convictions based on the mailing of the checks. However, the court does concede that the issue as presented by the defendants is a substantial one, within the meaning of the Bail Reform Act of 1984, for the following reasons.

In *Parr v. United States*, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960), members of a school board district embezzled school tax monies received from taxpayers. The mailings relied on for mail fraud convictions were the tax notices which were mailed to the taxpayers. The court held that the mailings were not part of a scheme to use the mails to defraud because the school board was required by state law to mail the tax notices. 80 S.Ct. at 1183.

The holding in *Parr* was expanded in *United States v. Tarnopol*, 561 F.2d 466 (3d Cir.1977), where the court chose to equate routine mailings required by law (as in *Parr*), with "those routine mailings, themselves intrinsically innocent, which are regularly employed to carry out a necessary or convenient procedure of a legitimate business enterprise." 561 F.2d at 472. In *Tarnopol*, the mailings at issue were packing slips mailed by an innocent third party to the defendants as a routine part of the record-selling business. Some of the packing slips received were recorded on the defendants' books as sales, while others were withheld and the money was pocketed. The court held that the mailings were not part of a scheme to use the mails to defraud because they were intrinsically innocent and part of the regular business routine.

Finally, the court must note *United States v. Castile*, 795 F.2d 1273 (6th Cir. 1986), where the court appears to broaden the *Tarnopol* interpretation of mailings used for the purposes of executing a scheme to defraud. In *Castile*, the court held as follows:

> This test of dependence does not demand that the use of the mails rather than of a private messenger or other means was itself essential to the fraudulent scheme or that 'the success of the scheme actually depended on the mailings in a "but for" sense.' ... It instead requires that the thing mailed was an integral part of execution of the scheme so that the use of the mails was in this way '*incident* to an essential part of the scheme.'

795 F.2d at 1278 (emphasis added).

Therefore, under the *Castile* analysis, the mailing need only be *incident* to the scheme in order to be in furtherance of a scheme to defraud. Despite this interpretation, the court notes that the facts of *Castile* are quite divergent from the facts at hand. To the contrary, while the law of *Tarnopol* appears inconsistent with that of *Castile*, the facts of *Tarnopol* are remarkably similar to this case. Therefore, the court finds that the issue has not been decided by controlling precedent, and therefore, constitutes a substantial question of law.

The court also finds that if defendants prevail on this issue on appeal, it is likely that their convictions for conspiring to commit mail fraud will be reversed, or that a new trial will be ordered.

### 2. *Odometer rollbacks.*

Defendant J. Clenton Henson was also convicted of giving or causing to be given false odometer statements in violation of 15 U.S.C. Sects. 1988(b) and 1990c. Defendant claims that this conviction should be reversed because he is not a "transferor" within the meaning of Sect. 1988(b) and because Sect. 1990c is merely a penalty provision, and not a provision establishing a separate substantive offense for a person other than a transferor.

The court has located only one case which mentions this issue, *United States v. Arthalony*, 559 F.Supp. 1385, 1386 (C.D.Ill. 1983), but finds that discussion nonessential to the holding, and thus, dicta. Therefore, the issue has not been decided and the court considers this to be a novel question of substantial importance. *United States v. Miller*, 753 F.2d at 23. If the appellate court rules Sect. 1990c is a penalty provision only, and that the government was required to prove that defendant Henson was a transferor within the meaning of Sect. 1988(b), then Henson's conviction on six counts under those sections is likely to be reversed, or ordered retried. Therefore, this issue poses a substantial question likely to be reversed.

In conclusion, the court finds that both the conspiracy to commit mail fraud and the odometer rollback issues are substantial, and likely to be reversed within the meaning of *United States v. Miller*. Both defendants were convicted of the conspiracy charge and defendant Henson was convicted of the odometer rollback scheme. Therefore, reversal on either issue could result in reversal of both convictions or a new trial and defendants are entitled to bail pending their appeals.

An appropriate order shall accompany this memorandum opinion.

### ORDER

In accordance with the memorandum opinion this date entered, the court renders the following findings concerning defendants J. Clenton Henson and Sheila Lutz:

1. Defendants are not likely to flee the jurisdiction, and pose no danger to others or the community;

2. Defendants' appeals were not filed for the purposes of delay;

3. Defendants raise substantial questions of law on appeal; and

4. If those questions are determined favorably to defendants on appeal, the decision is likely to result in reversal or an order for a new trial. Accordingly,

IT IS ORDERED that defendants' motions for bail pending appeal are GRANTED.