826 F.2d 1061
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George W. McMANUS, Jr., Defendant-Appellant.
 No. 86-5181.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1987.
Decided Aug. 3, 1987.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, District Judge.
 William James Murphy (Murphy & McDaniel on brief) for appellant.
 Robert J. Mathias, Assistant United States Attorney (Breckingridge L. Willcox, United States Attorney, on brief), for appellee.
 D.Md., 651 F.Supp. 382.
 AFFIRMED.
 Before HALL and WILKINS, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant appeals his conviction by a jury of income tax evasion and subscribing to a false income tax return for the tax years 1979 and 1980 in violation of Title 26, United States Code Sections 7201 and 7206(1). In his appeal, appellant argues that there are numerous grounds for reversal of his conviction. Finding no merit in any of appellant's arguments, we affirm.
 
 
 2
 McManus, a prominent Baltimore attorney, conceded that his tax returns failed to include substantial income he had received from legal fees and interest. The issue at trial was whether those omissions were caused by a willful scheme to evade taxes or by McManus' inattention to his tax returns and the negligence of . his bookkeeper in maintaining and providing to the accountant the information needed to prepare complete returns. The amount allegedly earned and not reported was $543,737 for 1979 and $448,270 for 1980.
 
 
 3
 Appellant argues that there are seven grounds for reversal. First, appellant claims that he was deprived of a fair trial by the prosecutions's use of tax returns of third party witnesses and the court's admission of some of those returns into evidence. We find no merit in this argument. Appellant failed to comply with Federal Rule of Evidence 103 because he failed to object in a way that stated the specific ground of objection. Thus, the disclosure issue was never raised before Judge Young. In addition to appellant's failure to preserve the issue for appeal, the limited use of the returns was fair and proper.
 
 
 4
 Second, appellant claims that he was deprived of a fair trial by the admission in evidence of a witness' immunity agreement and the circumstances surrounding that witness' own tax problems. We disagree. Relying on our opinion in United States v. Henderson, 717 F.2d 135 (4th Cir. 1983), the district court overruled defense objections and allowed the agreement to be put before the jury. In Henderson, we indicated, based on United States v. Whitehead, 618 F.2d 523 (4th Cir. 1980), that there was no error in permitting the government to elicit details of a plea agreement regardless of the defense's intentions concerning its use for impeachment purposes." Judge Young did not err in relying on that rule. In addition, Federal Rule of Evidence 607 permits a party to impeach its own witness, as we noted in Henderson. Finally, the admission of the immunity agreement and the circumstances surrounding that witness' own tax problems was not unfairly prejudicial to the defendant. On that basis, we conclude that the district court did not abuse its discretion in allowing this evidence to be put before the jury.
 
 
 5
 The defendant's third argument is that the district court erred in ruling the children's tax returns and related bank accounts admissible. We find no merit in this argument. The district court did not abuse its discretion in admitting this evidence as relevant to the issue of intent and knowledge.
 
 
 6
 The fourth argument is that the defendant was deprived of a fair trial by the government's references to the Cayman Islands. We note first that the defendant did not object at trial, thus failing to preserve this issue for appeal. In addition, the Court properly instructed the jury that statements of counsel are not evidence. Thus, we conclude that the defendant was not deprived of a fair trial by the government's references to the Cayman Islands.
 
 
 7
 The defendant's fifth argument is that the district court erred by failing to instruct the jury on a theory of the defense and by injecting an objective element into the defense of good faith reliance. again we note that the defendant failed to preserve the issue for appeal with an adequate objection, pursuant to Federal Rule of Criminal Procedure 30. In addition, even if the objection made by defense counsel was deemed to be adequate, the instructions given by the district court fairly and completely presented the legal standard regarding the defense of good faith reliance.
 
 
 8
 Next, the defendant claims that the district court's definition of the burden of proof was unbalanced and violated due process. Although we suggest trial judges not include a definition of reasonable doubt when they instruct the jury, including such a definition does not constitute reversible error per se. As long as that definition conveys the concept of reasonable doubt, there is no reversible error. The instruction given by Judge Young was accurate, did not create any confusion, and did not create any impermissible lessening of the required standard of proof. In addition, the evidence fully met the burden of proof beyond a reasonable doubt. We conclude that the instruction does not constitute a violation of due process.
 
 
 9
 Finally, the defendant argues that the district court erred when it failed to instruct the jury that evidence of good character and reputation alone may create a reasonable doubt. In this case, the defendant did not rely on good character and reputation alone, but also claimed a lack of knowledge and intent, as well as reliance on others. Thus, based on United States v. Foley, 598 F.2d 1323 (4th Cir. 1979), cert. denied, 444 U.S. 1043 (1980), as well as our earlier decision, Mannix v. United States, 140 F.2d 250, 253-54 (4th Cir. 1944), the district court was not required to give the "alone" instruction. The instructions properly allowed the jury to consider evidence of good character and reputation along with other evidence. The instructions as given provide no basis for reversal of this conviction.
 
 
 10
 The conviction of the defendant is affirmed.
 
 
 11
 AFFIRMED.