**UNITED STATES of America**

v.

**Chaka FATTAH, Sr.**

**CRIMINAL ACTION NO. 15–346–1**

United States District Court,
E.D. Pennsylvania.

Signed December 20, 2016

Eric L. Gibson, Jonathan Ian Kravis, United States Department of Justice, Washington, DC, Paul L. Gray, Andrea Foulkes, Bea Witzleben, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Mark M. Lee, Samuel W. Silver, Bruce P. Merenstein, Schnader Harrison Segal & Lewis LLP, Kevin V. Mincey, Shabrei M. Parker, Thomas O. Fitzpatrick, Mincey & Fitzpatrick LLC, Riley H. Ross, III, Ross Legal Practice LLC, Philadelphia, PA, for Defendant.

## MEMORANDUM

Bartle, Judge.

Before the court is the motion of defendant former Congressman Chaka Fattah, Sr., pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3143, for release pending appeal in this political corruption case involving five schemes and four other defendants. The facts of this case are set forth in detail in the court's Memorandum in support of its Order addressing post-trial motions. See generally United States v. Fattah, 223 F.Supp.3d 336, 2016 WL 7839022, 2016 U.S. Dist. LEXIS 145833 (E.D. Pa. Oct. 20, 2016).

Fattah was found guilty by a jury on all twenty-two counts in which he was named, specifically: Count One (conspiracy to commit racketeering), Count Two (conspiracy to commit wire fraud), Count Three (conspiracy to commit honest services wire fraud), Count Four (conspiracy to commit mail fraud), Counts Five through Ten (mail fraud), Counts Eleven through Fifteen (falsification of records), Count Sixteen (bribery conspiracy), Count Seventeen (bribery), Count Nineteen (bank fraud), Count Twenty (false statements to a financial institution), Count Twenty–One (falsification of records), Count Twenty–

Two (money laundering), and Count Twenty–Three (money laundering conspiracy). The court thereafter denied his motion for judgment of acquittal or for a new trial on all counts except for Counts Eight, Nineteen, Twenty, and Twenty–One. As to these four, the court granted his motion for judgment of acquittal. See Fattah, 223 F.Supp.3d at 377–79, 2016 WL 7839022, at *34–35, 2016 U.S. Dist. LEXIS 145833, at *103–04.

On December 12, 2016, the court sentenced Fattah to ten years of imprisonment.[1] He is currently scheduled to self-surrender on January 25, 2017. At the conclusion of the sentencing hearing, his counsel made an oral motion for bail pending appeal. On December 15, 2016, he filed a written motion and supporting memorandum. The Government opposes the motion.

The Bail Reform Act provides that the court must detain pending appeal a defendant who has been found guilty and sentenced unless that defendant proves: (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) that his or her "appeal is not for the purpose of

delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." See § 3143(b).

◼ Our Court of Appeals has explained that under § 3143(b) there is a presumption against bail pending appeal. To overcome the presumption, the defendant must establish:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.[2]

---

1. The court signed the amended judgment of conviction on December 16, 2016. It ordered his terms of imprisonment on all counts to run concurrently. They are:

 Count One (conspiracy to commit racketeering), ten years;
 Count Two (conspiracy to commit wire fraud), ten years;
 Count Three (conspiracy to commit honest services wire fraud), ten years;
 Count Four (conspiracy to commit mail fraud), ten years;
 Count Five (mail fraud), ten years;
 Count Six (mail fraud), ten years;
 Count Seven (mail fraud), ten years;
 Count Nine (mail fraud), ten years;
 Count Ten (mail fraud), ten years;
 Count Eleven (falsification of records), ten years;
 Count Twelve (falsification of records), ten years;

 Count Thirteen (falsification of records), ten years;
 Court Fourteen (falsification of records), ten years;
 Count Fifteen (falsification of records), ten years;
 Count Sixteen (bribery conspiracy), five years;
 Count Seventeen (bribery), ten years;
 Count Twenty–Two (money laundering), ten years; and
 Count Twenty–Three (money laundering conspiracy), ten years.

2. In addition, with regard to the fourth inquiry, the court considers whether the defendant has proven that a substantial question determined favorably to him would likely result in a sentence that does not involve imprisonment or a reduced sentence less than the

United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985). The Court recognized that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." See id. at 22 (quoting H.R. Rep. No. 91–907, at 186–87 (1970)).

We find that Fattah has established by clear and convincing evidence that he is not likely to flee or pose a danger to any person or the community. Furthermore, we find that the appeal is not for the purposes of delay.

 Thus, only the third and fourth Miller factors remain before the court for consideration. The third factor asks whether any questions to be raised on appeal are substantial so as to constitute circumstances for release pending appeal. To be substantial, our Court of Appeals "requires that the issue on appeal be significant in addition to being novel, not governed by controlling precedent or fairly doubtful." See United States v. Smith, 793 F.2d 85, 88 (3d Cir. 1986). The absence of controlling precedent is not itself enough to meet this test. See id. A question is substantial if the defendant can demonstrate that it is "fairly debatable" or is "debatable among jurists of reason." See id. at 89 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)); United States v. Handy, 761 F.2d 1279, 1281–82 (9th Cir. 1985). A substantial question is "one of more substance than would be necessary to a finding that it was not frivolous." See Smith, 793 F.2d at 89 (quoting Handy, 761 F.2d at 1282 n.2). Whether a question is substantial should

be made on a case-by-case basis. See id. (quoting Handy, 761 F.2d at 1281–82).

 Fattah asserts that there is a substantial question as to the correctness of our decision that only harmless error occurred where we instructed the jury concerning official acts under the bribery statute, 18 U.S.C. § 201, with respect to Count Three (conspiracy to commit honest services wire fraud), Count Sixteen (bribery conspiracy), and Count Seventeen (bribery).[3] The instructions focused on the statutory language and were admittedly incomplete and thus erroneous in light of the subsequent decision by the Supreme Court in McDonnell v. United States, — U.S. ——, 136 S.Ct. 2355, 195 L.Ed.2d 639 (2016).

McDonnell, which was decided six days after the jury reached its verdict in this case, changed existing law by clarifying and narrowing the definition of "official act" in § 201. See id. at 2375. In Section X of our Memorandum explaining our Order addressing the defendants' post-trial motions, we discussed in detail the relevant facts in the light most favorable to the Government as well as the McDonnell decision. See Fattah, 223 F.Supp.3d at 359–67, 2016 WL 7839022, at *17–24, 2016 U.S. Dist. LEXIS 145833, at *52–73. For the reasons stated in the court's Memorandum, we determined that the evidence against Fattah and his co-defendants was so overwhelming that any error in the jury instructions was "harmless beyond a reasonable doubt." See id. at 354–58, 364–67, 2016 WL 7839022, at *13–15, *22–24, 2016 U.S. Dist. LEXIS 145833, at *40–44, 68–73 (citing United States v. Wright, 665 F.3d 560, 571 (3d Cir. 2012)). With regard to

---

duration of the appeal. These latter issues are not involved here.

**3.** Fattah also asserts that the same substantial question arises with regard to Counts Twen-

ty–Two and Twenty–Three, which charged money laundering and money laundering conspiracy in relation to the bribery at issue in Counts Sixteen and Seventeen.

Counts Sixteen and Seventeen, the evidence of Fattah's specific and focused acts of governmental power in pursuit of an ambassadorship for co-defendant Herbert Vederman and in the hiring of Vederman's girlfriend on his congressional staff fit squarely within the narrower requirements of McDonnell for official acts so that in our view no new trial was necessary. See id. at 364–67, 2016 WL 7839022, at *22–24, 2016 U.S. Dist. LEXIS 145833, at *68–73. No rational jury, in our view, could have found otherwise.

As for Count Three, the evidence proved overwhelmingly a conspiracy to commit honest services fraud in that Fattah promised to direct a substantial federal appropriation to a nonprofit corporation to be set up by coconspirator Thomas Lindenfeld, in return for Lindenfeld's forgiveness of a large campaign debt owed to him by Fattah's mayoral campaign. See Fattah, 223 F.Supp.3d at 354–56, 2016 WL 7839022, at *13–14, 2016 U.S. Dist. LEXIS 145833, at *41–42. We discussed this issue in detail in Section VII of our post-trial Memorandum. See id. at 354–58, 2016 WL 7839022, at *13–15, 2016 U.S. Dist. LEXIS 145833, at *39–44. There can be no question that the promise of a federal appropriation by Fattah was an official McDonnell.

 Even assuming, however, that Fattah had met his burden to establish that there is a substantial question concerning the evidence of or jury instructions defining official acts for review on appeal, there is further analysis required. Pursuant to the fourth Miller factor, the court must also determine if a substantial question decided favorably to the defendant is "likely to result in" reversal, a new trial, or a reduced sentence on all counts. See § 3143(b)(1)(B); Miller, 753 F.2d at 24. Although these words appear to require the court to predict the likely result of the

appeal, our Court of Appeals has cautioned that "federal courts are not to be put in the position of 'bookmakers' who trade on the probability of ultimate outcome. Instead, that language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal." See Miller, 753 F.2d at 23. Thus, to grant bail pending appeal, any substantial question, as noted above, must affect the entire action, not just a part of it. The question must be "so integral to the entire case against defendants that an appellate decision" to the contrary "is likely to require reversal or a new trial of all counts on which defendants have been sentenced to imprisonment." See id. at 24 (emphasis added). If the substantial question or questions are not related to all counts, "the statutory criteria for bail pending appeal would not be met as to the unaffected counts, and bail may be denied." See id.

 The court has sentenced Fattah to concurrent ten-year terms of imprisonment on all eighteen counts except Count Sixteen (bribery conspiracy) where the sentence was five years. At the very least, thirteen counts have nothing whatsoever to do with the bribery-related offenses or honest services wire fraud. See generally Fattah, 223 F.Supp.3d 336, 2016 WL 7839022, 2016 U.S. Dist. LEXIS 145833. These thirteen counts are Count One (conspiracy to commit racketeering), Count Two (conspiracy to commit wire fraud), Count Four (conspiracy to commit mail fraud), Counts Five, Six, Seven, Nine, and Ten (mail fraud), and Counts Eleven through Fifteen (falsification of records). The Supreme Court's definition of "official act" in McDonnell has no bearing on the evidence or law applicable to these counts. The undersigned made it clear that the sentence on each count was not dependent on the sentence on any other count and would still be the same under 18 U.S.C.

§ 3553(a) regardless of the outcome on any other count or on any miscalculation of the advisory sentencing guidelines.

■■■■ Fattah has not argued that there is a substantial question as to the jury's verdict on any of these thirteen Counts. Instead, he simply asserts that he was unfairly prejudiced with regard to those counts as a result of the spillover effect on other counts by the incorrect charge on "official act." The spillover argument does not present a fairly debatable question. It is not significant, novel, ungoverned by controlling precedent, or fairly doubtful. See Smith, 793 F.2d at 88; Miller, 753 F.2d at 23. In both our preliminary instructions at the beginning of trial and again in our final instructions before the jury retired to deliberate, we charged the jury to consider and weigh separately the evidence against each defendant on each count and not to be swayed by the evidence introduced against other defendants on the same or different counts. The jury is presumed to have followed the court's instructions. See Zafiro v. United States, 506 U.S. 534, 540–41, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). The jury clearly adhered to these instructions since it found several defendants not guilty on certain charges.

■■■■ In sum, Fattah has not met his burden to overcome the presumption against bail pending appeal. He was found guilty based on overwhelming evidence and sentenced to ten-year terms of imprisonment for numerous crimes having nothing to do with any question, substantial or otherwise, related to McDonnell. Accordingly, a reversal based on McDonnell would not result in a reversal or a new trial of all counts or even a reduction in his sentence. See § 3143(b)(1)(B); Miller, 753 F.2d at 24. Fattah's motion for release pending appeal fails and will be denied.[4]

### ORDER

AND NOW, this 20th day of December, 2016, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion of defendant Chaka Fattah, Sr. for release pending appeal (Doc. # 596) is DENIED.

---

4. In the closing lines of his memorandum in support of his motion for release pending appeal, Fattah provides the following afterthought:

> Moreover, to the extent that the other defendants' motions for release pending appeal demonstrate the existence of additional substantial questions that, if successful, will

likely result in reversal or a new trial, Congressman Fattah joins in those motions and is entitled to release pending appeal for the reasons given in those motions.

It is not the job of this court to rummage through the briefs of other parties and decide which arguments made by those parties properly apply to this defendant.